**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 1 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:     Case No.: 17-31351

MARGUERITE MOONEY     Judge: CMG

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original     ☒ Modified/Notice Required     Date: 9/27/18

☐ Motions Included     ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☒ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: /s/ SJA     Initial Debtor: /s/ MM     Initial Co-Debtor: _____

### Part 1: Payment and Length of Plan

a. The debtor shall pay $ _____7166_____ per ___paid to date___ to the Chapter 13 Trustee, starting on _____11/1/18_____ for approximately _____11_____ months.
*and $ 587 per month starting 10/1/18 for Forty - nine (49) months.*

b. The debtor shall make plan payments to the Trustee from the following sources:

☒  Future earnings

☐  Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection** ☐ **NONE**

      a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

      b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 2430 |
| DOMESTIC SUPPORT OBLIGATION | | |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

    a.  **Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Bank of NY - Mellon | Residence | $ 28, 411 | n/a | $ 28, 411 | $ 1067.14 |

    b.  **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:**  ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

    c.  **Secured claims excluded from 11 U.S.C. 506:**  ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| JP Morgan Chase | 2010 Honda | $ 3,242 | $ 1,500 | n/a | $ 1,500 | n/a | $ 1,500 (per Court Order) |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Toyota Motor Credit | 2015 Toyota Camry | unknown - destroyed in fire | -0- To be surrendered in full satisfaction by payment of insurance proceeds to creditor |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

### Part 5:    Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☐ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a.  **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**  ☐ **NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| JP Morgan Chase | 2010 Honda | $3292 | $ 1500 | $ 1500 | $ 1792 (previously granted per Court Order of 9/24/18) |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒   Upon confirmation

☐   Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

Case 17-31351-CMG    Doc 39    Filed 10/03/18    Entered 10/04/18 00:43:22    Desc Imaged
Certificate of Notice    Page 9 of 12

    **c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Administrative Claims
3) Priority Claims
4) Secured Claims       5) GUC

    **d. Post-Petition Claims**

The Standing Trustee ☒ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9:    Modification  ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 11/5/17 .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Toyota Vehicle included in plan destroyed by fire | 4e. Plan now surrenders Toyota in satisfaction of loan by insurance proceeds |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☒ Yes    ☐ No

### Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 9/27/18                                            /s/ Marguerite Mooney
                                                         Debtor

Date: _____                                     _____
                                                         Joint Debtor

Date: 9/27/18                                            /s/ Steven J Abelson
                                                         Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 17-31351-CMG
Marguerite Mooney                                                         Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 2              Date Rcvd: Oct 01, 2018
                              Form ID: pdf901          Total Noticed: 24

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 03, 2018.
```
db          +Marguerite Mooney,    320 Center Street,    Tuckerton, NJ 08087-2104
cr          +JPMORGAN CHASE BANK, N.A.,    c/o Winston & Winston, P.C.,
              708Third Avenue, 5th Floor, Suite 142,    New York, NY 10017-4201
cr          +THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW,    Phelan Hallinan&Schmieg, PC,
              400 Fellowship Road,    Suite 100,    Mt. Laurel, NJ 08054-3437
517133806   +Best Buy Credit Services,    P.O. Box 790441,    Saint Louis, MO 63179-0441
517213241    Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
517133810   +First Premier Bank,    P.O. Box 5519,    Sioux Falls, SD 57117-5519
517133812   +Phelan Hallinan Diamond & Jones,    400 Fellowship Road,    Mount Laurel, NJ 08054-3437
517331219    Pinnacle Credit Services, LLC its successors and,    assigns as assignee of Cellco,
              Partnership d/b/a Verizon Wireless,    Resurgent Capital Services,    PO Box 10587,
              Greenville, SC 29603-0587
517133814   +Quality Asset Recovery,    7 Foster Avenue Ste 101,    Gibbsboro, NJ 08026-1191
517133816  ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
             (address filed with court: Toyota Motor Credit*,    4 Gatehall Dr, Ste 350,
              Parsippany, NJ 07054)
517223337    The Bank of New York Mellon f/k/a The Bank Et.Al.,    Wells Fargo Bank, N.A.,
              Default Document Processing,    N9286-01Y,    1000 Blue Gentian Road,    Eagan MN 55121-7700
517168347   +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
517133817   +Wells Fargo Home Mortgage,    P.O. Box 10335,    Des Moines, IA 50306-0335
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg          E-mail/Text: usanj.njbankr@usdoj.gov Oct 02 2018 01:09:48     U.S. Attorney,    970 Broad St.,
              Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg         +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Oct 02 2018 01:09:39     United States Trustee,
              Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
              Newark, NJ  07102-5235
517133807   +E-mail/Text: bk.notifications@jpmchase.com Oct 02 2018 01:09:32     Chase Auto Finance*,
              P.O. Box 901076,    Fort Worth, TX 76101-2076
517133808   +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Oct 02 2018 01:09:16     Comenity Bank/Limited,
              Po Box 182789,    Columbus, OH 43218-2789
517133809   +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Oct 02 2018 01:09:16
              Comenity Bank/Victorias Secret,    PO Box 182789,    Columbus, OH 43218-2789
517267198   +E-mail/Text: bk.notifications@jpmchase.com Oct 02 2018 01:09:32     JPMorgan Chase Bank, N.A.,
              PO Box 29505 AZ1-1191,    Phoenix, AZ 85038-9505
517133811   +E-mail/Text: bnckohlsnotices@becket-lee.com Oct 02 2018 01:08:42     Kohl's*,    P.O. Box 3043,
              Milwaukee, WI 53201-3043
517324031    E-mail/PDF: resurgentbknotifications@resurgent.com Oct 02 2018 01:11:31     LVNV Funding,
              c/o Resurgent Capital Services,    PO BOX 10675,    Greenville, SC 29603-0675
517133813   +E-mail/PDF: resurgentbknotifications@resurgent.com Oct 02 2018 01:11:32
              Pinnacle Credit Services*,    P.O. Box 640,    Hopkins, MN 55343-0640
517324461    E-mail/Text: bnc-quantum@quantum3group.com Oct 02 2018 01:09:35
              Quantum3 Group LLC as agent for,    MOMA Funding LLC,    PO Box 788,    Kirkland, WA  98083-0788
517133815    E-mail/Text: bankruptcy@td.com Oct 02 2018 01:09:51     TD Bank*,    Recovery Dept,
              P.O. Box 9547,    Portland, ME 04112
                                                                                               TOTAL: 11
```
```
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 03, 2018                              Signature:  /s/Joseph Speetjens

```
District/off: 0312-3          User: admin                Page 2 of 2            Date Rcvd: Oct 01, 2018
                              Form ID: pdf901            Total Noticed: 24
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 27, 2018 at the address(es) listed below:
          Albert    Russo    on behalf of Trustee Albert    Russo docs@russotrustee.com
          Albert    Russo    docs@russotrustee.com
          Aleksander P. Powietrzynski    on behalf of Creditor    JPMORGAN CHASE BANK, N.A.
           alex@winstonandwinston.com
          Denise E. Carlon    on behalf of Creditor    Toyota Motor Credit Corporation
           dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
          Nicholas V. Rogers    on behalf of Creditor    THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW
           YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A. F/K/A JPMORGAN CHASE BANK, AS TRUSTEE
           FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES et.al. nj.bkecf@fedphe.com
          Rebecca Ann Solarz    on behalf of Creditor    Toyota Motor Credit Corporation
           rsolarz@kmllawgroup.com
          Steven J. Abelson    on behalf of Debtor Marguerite    Mooney sjaesq@atrbklaw.com,
           atrbk1@gmail.com;r49787@notify.bestcase.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 8
```